NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONSTANTINE ANANIADES, | No. 23-55669 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01645-MCS-PVC |
| v. | |
| UNITED STATES DEPARTMENT OF THE AIR FORCE, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted March 12, 2026[**]

Before: O'SCANNLAIN, SILVERMAN, and RAWLINSON, Circuit Judges.

Constantine Ananiades appeals pro se from the district court's summary judgment in Ananiades's action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), seeking the return of documents he entrusted to the United

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

States Department of the Air Force in 1984. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Pomares v. Dep't of Veterans Affs.*, 113 F.4th 870, 879 (9th Cir. 2024), and we affirm.

The district court properly granted summary judgment because Ananiades failed to raise a triable issue as to whether the Air Force did not perform an adequate search in response to his request. *See id.* (explaining that an agency fulfils its duty to make records promptly available under § 552(a) if it performs an adequate search). The Air Force has reported that it searched the records at the base where Ananiades's contract was managed, which reflect that the file associated with his contract was destroyed in 2004.

Ananiades argues that the Air Force has acted in bad faith because, among other things, it has not searched in all possible locations and has not turned over documents which he believes must exist. We disagree. The issue to be resolved is not whether there might exist any other documents potentially responsive to the request, but rather whether the search for those documents was adequate. *See Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 987 (9th Cir. 2009). Ananiades's speculations are not evidence sufficient to overcome the presumption of good faith accorded the Air Force's reasonably detailed and non-conclusory declarations. *See Pomares*, 113 F.4th at 881.

The district court did not abuse its discretion in finding that Ananiades was

2

not prejudiced by the Air Force's one-day delay in mailing Ananiades's hard copy of its motion for summary judgment. *See, e.g., Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261-62 (9th Cir. 2010) (identifying factors to be analyzed when party fails to meet deadline, including prejudice to opposing party).

**AFFIRMED**.